UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JEFFERY D. GURKE,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT H. GRESHAM,<br><br>Defendant. | 5:19-CV-05037-KES<br><br><br>ORDER DENYING MOTION TO CONTINUE |

The court held a pre-trial conference in this matter on March 27, 2023. Docket 35. Following the court's ruling on the motions in limine, defendant, Robert H. Gresham, orally moved to continue the trial, currently scheduled for April 4, 2023. *See* Docket 25. Plaintiff, Jeffery D. Gurke, orally opposed the motion. For the following reasons, the court denies the motion to continue.

## BACKGROUND

This matter arises out of a collision between two motorcycles that occurred in August 2017. Docket 1 ¶ 6. Gurke alleges Gresham's negligence caused the collision, and that because of the collision, he has suffered physical injuries and a traumatic brain injury. *Id.* ¶ 10; Docket 27 ¶ 4. Gresham denies that he was negligent and claims that the collision was due to Gurke's negligence. Docket 4 ¶ 5. Gresham also denies the nature and extent of the damages claimed by Gurke. *See* Docket 30 ¶ 5.

1

Defendant moved to limit the testimony of Dr. Ian Crain, one of Gurke's treating physicians, arguing that some of Dr. Crain's opinions were not timely disclosed. *See* Docket 32 at 3-5. During discovery, Gurke identified Dr. Crain as an expert witness, and he provided Gresham with medical records corresponding to his treatment by Dr. Crain between September 20, 2017, and June 27, 2018. *Id.* at 3. During Dr. Crain's deposition on February 14, 2023, "it became apparent that Dr. Crain had in fact seen [Gurke] after the June 2018 visit and, more specifically, on March 6, 2020, and June 29, 2020, or almost 3 years prior to the deposition." *Id.* at 4; Docket 34 at 2. At the pretrial conference, both parties agreed that at the deposition, Dr. Crain read the entirety of the 2020 visit records into the record, over defense counsel's objection. *See* Docket 32 at 4; Docket 34 at 4; *see also* Docket 26-2 at 13-14.

Gurke's counsel represents that he was also not aware of the 2020 visits until Dr. Crain's deposition, despite his request for such records. Docket 34 at 3. This error is apparently the result of a switch in the health care institution's medical records system. *Id.* at 2-3. Plaintiff's counsel then requested the records for the 2020 visits, which he obtained on March 20, 2023. *Id.* at 3. At the pretrial conference, defense counsel stated that these records were provided to him the next day. *See id.*

At the pretrial conference, the court orally denied the motion in limine, finding that Dr. Crain's opinions contained in the 2020 visits were timely disclosed as supplemental expert opinion. Rule 26 requires that parties supplement expert disclosures at least 30 days before trial unless the court

2

orders otherwise. Fed. R. Civ. P. 26(a)(3)(B), (e)(2). The court's scheduling order also required that supplementations be made at least 30 days prior to trial. Docket 7 ¶ 7. Dr. Crain's disclosure of his additional opinions and records on February 14, 2023, was more than 30 days before the trial date of April 4, 2023.

Gresham then orally moved to continue the trial date, arguing that he needed additional time to fully examine and rebut Dr. Crain's opinions from the 2020 visits, which were different from Dr. Crain's opinions in the medical records that had previously been disclosed.

## DISCUSSION

### I. Legal Standard

Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Rey v. Gen. Motors LLC*, 2022 WL 675857, at *6 (W.D. Mo. Mar. 7, 2022) (applying Rule 16(b)(4)'s good cause standard to motion to continue trial date). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (citation omitted). "The existence or degree of prejudice to the party opposing the modification and other factors may also affect the decision." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (cleaned up) (quoting *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992)). But there is "no need to explore beyond the [diligence] criterion" where "the record clearly

demonstrates that [the moving party] made only minimal efforts to satisfy [the scheduling order's] requirements." *Id.*

## II.  Gresham Was Not Diligent

Gresham argues that a continuance is warranted because now that the court has denied his motion in limine, he needs more time to fully examine and rebut Dr. Crain's 2020 opinions, which he claims differ from the opinions in the previously disclosed medical records. *See* Docket 32 at 4. According to Gresham, at the June 27, 2018, visit, Dr. Crain found that Gurke had recovered well from the traumatic brain injury, was highly functioning, and was not experiencing ongoing cognitive issues. *See id.* But when questioned about the 2020 visits, "Dr. Crain revealed a change in his opinions and treatment. It was then, for the first time, [that] it was revealed that the plaintiff was taken off work for issues concerning mood[,]" and that "Dr. Crain indicated that [Gurke] was still having 'problems' as of June 29, 2020[,] and was instructed to remain off work until his 'mood improves.' " *Id.*

### A. Gresham Did Not Move for a Continuance Until Nearly Six Weeks After Learning of Dr. Crain's 2020 Records

Gresham learned of Dr. Crain's additional medial records on February 14, 2023, nearly six weeks before the pretrial conference at which he moved to continue the trial. Docket 32 at 4; *see* Docket 35. Gresham could have filed a motion to reopen and extend the deadline to identify expert witnesses immediately upon learning of Dr. Crain's supplemental opinion. If granted, Gresham would have had enough time to examine and rebut Dr. Crain's 2020 opinions more fully. Additionally, Gresham has not informed the court of any

4

steps he took between Dr. Crain's deposition and the pretrial conference to attempt to rebut the 2020 opinions in time for trial. Hoping that the court will rule in one's favor on a pretrial motion and not being prepared for trial otherwise is not good cause for continuing a trial.

### B. Gresham Had Earlier Notice of Treating Provider Opinions Similar to Dr. Crain's 2020 Opinions

Although Dr. Crain's 2020 opinions were first disclosed to Gresham at the February 14, 2023, deposition, this was not the first time that Gresham was made aware that Gurke's traumatic brain injury was still affecting him in 2020. Gurke also sought treatment from Mattie Cummins, a licensed clinical social worker, from December 20, 2019, through February 28, 2020. Docket 26 at 3, 8. This is near in time to Dr. Crain's visits on March 6, 2020, and June 29, 2020. Docket 32 at 4. Cummins testified at her deposition that Gurke came to her "reporting of road rage, increased frustration, difficultly with managing emotions . . . [and] symptoms of anxiety" following his traumatic brain injury. Docket 26-3 at 4. She testified that "he reported yelling at his employees and decreased frustration tolerance that likely led to some issues around continuing [his work]." *Id.* She recommended that he take a leave from work. *Id.* at 8.

This testimony is consistent with the 2020 records from Dr. Crain. *See* Docket 26-2 at 13 ([H]e was supposed to be off work until his mood improves."); *id.* at 14 ("[H]e was reporting that he continued to be very irritable . . . so much that his wife was not allowing him to drive, because of concern of a [ ] road rage incident. . . . He had not yet gone back to work and

5

he was told that his psychologist told him that he wasn't ready yet."). Thus, Gresham was on notice that he would need to rebut an opinion from a treating provider that Gurke was experiencing these symptoms in the first half of 2020 as soon as it received Cummins' records.[1] That Gresham was not diligent in doing so is not good cause to continue the trial. Because the court finds that Gresham was not diligent, the court does not need to consider any additional good cause criteria. *See Bradford*, 249 F.3d at 809.

## CONCLUSION

For the foregoing reasons, it is

ORDERED that Gresham's motion to continue the trial is denied.

DATED March 28, 2023

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

---

[1] Although the court does not know the exact date when such discovery was provided, Gresham has not claimed that this discovery was not produced in a timely fashion or that it learned of new records during Cummins' deposition.

6